UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Steven Duane Smith,                                                    Civil No. 05-872 (PAM/JSM)

           Plaintiff,

v.                                                                              **MEMORANDUM AND ORDER**

City of New Hope and Officers
Crocker and Johnson,

           Defendants.

---

This matter is before the Court on Defendants' Motion for Attorneys' Fees. As explained below, the Court denies the Motion.

**BACKGROUND**

This case arises from events that occurred on February 7, 2004. That evening, Plaintiff Steven Duane Smith and his wife had an altercation, which involved his wife hitting Smith in the face. Smith then placed a 911 call to report a domestic dispute. During the 911 call, Smith stated that he did not need medical attention but reported: "my eye's busted and she's right here"; "my eye is beat"; "she bust my damn eye"; and "she (inaudible) my damn eye for nothing. Okay. She needs some help and she needs to go to jail." (May 26, 2006 Hiveley Aff. Ex. B.)

New Hope Police Officers Scott Crocker and David Johnson responded to the 911 call. Thereafter, Smith was transferred via ambulance to North Memorial Hospital. Physicians determined that Smith suffered blunt injury to his nose and an orbital blowout

fracture to his left eye. Smith required surgery whereby a metal titanium mesh device was used to rebuild the orbital wall. Medical records indicated that Smith's wife hit him in the left eye and do not refer to any police conduct causing the injury.

Smith asserted a 42 U.S.C. § 1983 claim for violations of the Fourth and Fourteenth Amendments, and a common law negligence claim. Throughout the litigation, the parties provided vastly different accounts of what transpired at the Smith residence. Smith did not deny that his wife hit him, but claimed that the police officers caused his injuries. In particular, he claimed that the officers handcuffed him, dragged him down the stairs, threw him face down into the snow, allowed him to remain in the snow for several minutes while wearing little clothing, and kicked him while he laid in a defenseless position. Defendants denied the accusations and maintained that their conduct did not cause Mr. Smith's injuries.

Immediately before trial commenced, Smith voluntarily dismissed his negligence claim. At trial, Smith admitted that his wife punched him. However, he explained that his statements to the 911 operator were merely slang and that any reference to being punched in the eye was a generic reference to being punched in the face. He further maintained that Officer Crocker delivered the blow that injured his eye. Finally, he stated that he did not report the alleged conduct to medical personnel because he feared retribution from the police. Defendants impeached Smith on several points.[1] However, Smith and two witnesses

---

[1] For example, Smith testified that his nose was fractured but medical records showed no evidence of a fracture to his nose. Smith also testified that Officer Crocker knocked him unconscious and that Smith did not recall being transported by paramedics. However, a paramedic testified that Smith was not only conscious but expressly denied being

steadfastly maintained that Officer Crocker—and not the wife—caused Smith's injury. At the close of evidence, Smith dismissed the excessive force claim against Officer Johnson. Thereafter, the jury returned a verdict in favor Officer Crocker, and judgment was entered on October 27, 2006. Defendants now seek to recover $10,000 in attorneys' fees incurred in defending the action.

**DISCUSSION**

A prevailing party in a § 1983 action may receive attorneys' fees. See 42 U.S.C. § 1988(b); Hanig v. Lee, 415 F.3d 822, 825 (8th Cir. 2005). However, the Court may not award fees to a prevailing defendant in a § 1983 action unless the action was "frivolous, unreasonable, or groundless or . . . the plaintiff continued to litigate after it clearly became so." Christianburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1987). The United States Supreme Court has emphasized that this standard is very high and has instructed courts to "resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Id. at 421-22.

The Court cannot conclude that the action meets the threshold set forth in Christianburg. Although scant, Smith presented some evidence to support his excessive force claim, including testimony of two witnesses who corroborated his assertions. This

---

unconscious. Smith further testified that he was not belligerent towards the paramedics because he was unconscious, but the paramedic testified that Smith was belligerent and uncooperative. Medical records also indicated that Smith was so intoxicated that he could not sign his own name on the release form.

evidence precludes a finding that the action was utterly groundless.

**CONCLUSION**

Although Smith's claims failed, the Court cannot conclude that this action was unfounded. Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion for Attorneys' Fees (Docket No. 45) is **DENIED**.

Dated: January 4, 2007

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge
